THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEG DEAVILLA FOX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOLLAND AMERICA LINE, INC., *et al.*,<br><br>　　　　　Defendants. | CASE NO. C14-1081-JCC<br><br>ORDER ON SUPPLEMENTAL BRIEFING |

This matter comes before the Court on the parties' supplemental briefing on punitive damages (Dkt. Nos. 47, 49). Having fully reviewed the briefing and the relevant record, the Court hereby DENIES Defendants' motion for summary judgment on Plaintiff's punitive damages claim.

## I. BACKGROUND

Plaintiff Meg Deavilla Fox sued Defendants Holland America Line, Inc., HAL Antillen N.V., HAL Maritime Limited, and Holland America Line, N.V., alleging four causes of action: Jones Act negligence, unseaworthiness, failure to provide maintenance and cure, and punitive damages for the failure to pay maintenance and cure. (Dkt. No. 1 at 6-16.) Defendants moved to dismiss all claims on summary judgment. (Dkt. No. 33.) The Court denied the motion as to Plaintiff's negligence, unseaworthiness, and maintenance and cure claims. (Dkt. No. 44 at 10.)

Regarding punitive damages, there was a choice-of-law issue not adequately addressed by the parties. (*See* Dkt. No. 44 at 8-10.) Defendants argued that Netherlands law applies, which does not allow for punitives; Plaintiff argued that United States maritime law applies, which does allow for punitives. (Dkt. No. 33 at 11-13; Dkt. No. 37 at 21.) However, neither party addressed the choice-of-law clause in the parties' contract, which states that British Virgin Islands (BVI) law applies. (Dkt. No. 35-6 at 37.) The Court therefore ordered additional briefing on this issue. (Dkt. No. 44 at 10.)

## II. DISCUSSION

### A. Collective Bargaining Agreement

The parties' contract states that disputes "shall be governed exclusively by the laws specified in the applicable Collective Bargaining Agreement or government-mandated contract. In the absence of any such Agreement or specification, such disputes shall be governed in all respects by the Laws of the British Virgin Islands." (Dkt. No. 35-6 at 37.) The Court directed the parties to clarify whether there is an applicable collective bargaining agreement or government-mandated contract in this case. (Dkt. No. 44 at 10.) The parties agree that no such agreement exists. (Dkt. No. 47 at 1; Dkt. No. 49 at 2.)

### B. BVI Law

The Court next directed the parties to explain whether the choice-of-law clause should be enforced. (Dkt. No. 44 at 10.) Defendants briefly acknowledged that the clause could be applied and, in the alternative, asked the Court to apply Netherlands law. (Dkt. No. 47 at 2-3.) Defendants' position did little to clarify this issue for the Court.

In contrast, Plaintiff argues that the choice-of-law clause should not be applied, because it is void under Section Five of the Federal Employer's Liability Act (FELA). (Dkt. No. 49 at 3.) Section Five states: "Any contract, . . . the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void." 45 U.S.C. § 55. The Jones Act is based upon FELA and incorporates that statute by

reference. *Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 245 (1942). Accordingly, the Jones Act "adopts the entire judicially developed doctrine of liability" under FELA. *Am. Dredging Co. v. Miller*, 510 U.S. 443, 456 (1994). Importantly, the U.S. Supreme Court has held that "contracts limiting the choice of venue are void as conflicting with" Section Five of FELA. *Boyd v. Grand Trunk W. R. Co.*, 338 U.S. 263, 265 (1949).

Here, the choice-of-law clause does not limit the choice of venue. However, applying BVI law would force Plaintiff to forgo her Jones Act claim, similarly allowing Defendants to evade liability. *See, e.g.*, *Yuzwa v. M/V OOSTERDAM*, 2012 WL 6675171 at *4 (C.D. Cal. Dec. 17, 2012) ("[E]nforcing the choice of law provision . . . would force plaintiff to forgo his Jones Act claim entirely, as no one disputes that this claim could not be raised under BVI law."). The Court thus FINDS that the choice-of-law clause in the parties' contract is void under Section Five of FELA.

C. Applicable Law

Given that the choice-of-law clause does not control here, the Court now turns to the test set forth in *Lauritzen v. Larsen*, 345 U.S. 571 (1953) to determine the applicable law. Defendant argues that the *Lauritzen* test compels application of Netherlands law; Plaintiff disagrees and ask the Court to apply U.S. law. (Dkt. No. 47 at 3; Dkt. No. 49 at 7.)

The *Lauritzen* factors are as follows: (1) the place of the wrongful act; (2) the vessel's flag; (3) the injured party's allegiance or domicile; (4) the shipowner's allegiance; (5) the place of contract; (6) accessibility of a foreign forum; and (7) the law of the forum. *Villar v. Crowley Maritime Corp.*, 782 F.2d 1478, 1480 (9th Cir. 1986). The Court later added an eighth factor: the shipowner's base of operations. *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306, 309 (1970). The *Lauritzen* test is not mechanical. *Id.* at 308. "The purpose of the analysis is to balance the interests of the nations whose law might apply." *Bilyk v. Vessel Nair*, 754 F.2d 1541 (9th Cir. 1985). "The question to be answered by reference to these factors is a simple one: are the United States's interests sufficiently implicated to warrant the application of United States law?" *Warn*

ORDER ON SUPPLEMENTAL BRIEFING
PAGE - 3

*v. M/Y Maridome*, 169 F.3d 625, 628 (9th Cir. 1999).

*Place of the wrongful act*. Here, the injury and Plaintiff's subsequent care took place in the U.S. However, this factor "typically is not emphasized because vessels frequently navigate over a large number of waters that are subject to variety of different legal authorities." *Villar*, 782 F.2d at 1480. Thus, this factor offers only slight assistance to the Court in determining which nation's law should apply.

*The vessel's flag*. The law of the flag is given "cardinal importance" in this analysis. *Lauritzen*, 345 U.S. at 584. Defendants' vessel flies a Netherlands flag. This factor weighs in favor of applying Netherlands law.

*The injured party's allegiance or domicile*. This factor is likewise given great importance, as "each nation has a legitimate interest that its nationals and permanent inhabitants be not maimed or disabled from self-support." *Id.* at 586. Plaintiff is an American. This factor weighs in favor of applying U.S law.

*The shipowner's allegiance*. The parties agree that Defendant Hal Antillen A.V. owns the ZAANDAM; that Defendant Holland America Line N.V. was the ZAANDAM's owner *pro hac vice* and operator at the time of Plaintiff's injury; and that both corporations are based in Curacao. (Dkt. No. 47 at 10; Dkt. No. 49 at 11.) Defendants argue that, because Curacao is "part of the Netherlands," this factor points towards application of Dutch law. (Dkt. No. 47 at 6.) Plaintiff disputes this, asserting that Curacao is a "semi-autonomous" part of the Netherlands with its own legal system. (Dkt. No. 49 at 8.)

Plaintiff further argues that this factor should be accorded little weight here, where the shipowner is not her employer, and her employer is the only party with responsibilities under the Jones Act and for the payment of maintenance and cure.[1] (Dkt. No. 49 at 8.) The Court agrees.

---

[1] Plaintiff thus appears to agree that Hal Antillen A.V. and Holland America Line N.V. are not her employers. This leaves HAL Maritime Ltd., a British Virgin Islands corporation, and Holland America Line, Inc., a Washington corporation. (Dkt. No. 35-6 at 31; Dkt. No. 35-6 at 8.)

ORDER ON SUPPLEMENTAL BRIEFING
PAGE - 4

Given these circumstances, where the tie to any particular nation is unclear, this factor is not helpful in determining which nation's law should apply.

*The place of contract*. The parties' contract was arguably formed in the United States.[2] However, this factor is given little or no weight in maritime choice-of-law determinations because the location is often fortuitous. *Villar*, 782 F.2d at 1481. Thus, this factor offers only slight assistance to the Court in determining which nation's law should apply.

*Accessibility of a foreign forum*. This factor is not at issue in this case.

*Law of the forum*. The law of the forum is U.S. law. Again, however, this factor is given little weight in a maritime choice-of-law analysis. *See Villar*, 782 F.2d at 1482. Thus, it offers only slight assistance to the Court in determining which nation's law should apply.

*The shipowner's base of operations*. Defendants state simply that "the base of operations of both the ship owners and the vessel are strongly connected with the Netherlands" and cite to "Exh. 6 & 7" without further specification. (Dkt. No. 47 at 8-9.) The Court infers that Defendants mean Exhibits 6 and 7 to the Declaration of Asia Wright, Dkt. No. 35. Exhibit 6 is a declaration by Captain Oebele Wouter van Hoogdalem, which states, in relevant part, that the ship's deck officers are either Dutch, English, or from some country other than the U.S., and that the vessel complies with Dutch law. (Dkt. No. 35-6 at 3-4.) Exhibit 7 is a declaration by Holland America Line, Inc. employee Steve Price, which states, in relevant part, that HAL Antillen N.V. and Holland America Line N.V. are Curacao corporations, and that the ZANDAAM is registered in the Netherlands, must comply with Dutch law, and is not based in any U.S. port. (Dkt. No. 35-6 at 7-11.) This demonstrates some ties to the Netherlands.

However, the remaining evidence overwhelming demonstrates that Defendants' base of operations is the United States. Plaintiff was hired to work on the ZANDAAM by a company representing itself as "Holland America Line." (*See* Dkt. No. 49-1 at 2 (Plaintiff's declaration);

---

[2] Plaintiff does not recall where she signed the contract. (Dkt. No. 49-1 at 2.) She was hired in California but boarded the vessel in Canada. (Dkt. No. 49-1 at 2; Dkt. No. 35-6 at 31.)

Dkt. No. 36-1 at 2 (accident/injury report); Dkt. No. 36-2 at 3 (medical department patient instructions); Dkt. No. 36-3 at 2 (employee e-mail signature block).) Holland America Line, Inc. is registered as a Washington corporation and is headquartered in Seattle. (Dkt. No. 35-6 at 8.) Holland America Line employees list Seattle-based contact information in their e-mail signature blocks. (*See, e.g.*, Dkt. No. 36-3 at 2; Dkt. No. 36-6 at 2-3.) Defendants' insurance documents list a Seattle address. (Dkt. No. 49-2 at 9.) Defendants' Fed. R. Civ. P. 30(b)(6) deponent testified that he works at the "main Holland America headquarters" in Seattle. (*See* Dkt. No. 49-3.) And, when Plaintiff was hired, she was working in California for a company that trains and provides performers specifically for Holland America Line cruise ships. (Dkt. No. 49-1 at 2.)

In summary, this case involves an American plaintiff who was hired in California by a company registered in Washington and conducting business in the United States. Application of U.S. law allows Plaintiff to invoke her important rights under the Jones Act, which would otherwise be precluded. Given these circumstances, the Court concludes that the United States's interests are "sufficiently implicated to warrant the application of United States law." *See Warn*, 169 F.3d at 628; *see also Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1124 (9th Cir. 2006) (expressing concern that seamen are "subject to the rigorous discipline of the sea and ha[ve] little opportunity to appeal to the protection from abuse of power which the law makes readily available to the landsman"). Therefore, the applicable law in this case is the law of the United States, under which Plaintiff may seek to recover punitive damages. *See Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 414 (2009).

### III.    CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. No. 33) is DENIED as to Plaintiff's punitive damages claim.

//

//

//

1  DATED this 31st day of March 2016.

6  [signature: John C. Coughenour]

7  John C. Coughenour
8  UNITED STATES DISTRICT JUDGE

ORDER ON SUPPLEMENTAL BRIEFING
PAGE - 7